1
2
3
4
5     **IN THE UNITED STATES DISTRICT COURT FOR THE**
6     **EASTERN DISTRICT OF CALIFORNIA**
7
8    **RAMON PINA-LABRADA,**          )          **NO. 1:07-CR-185-AWI**
                                       )
9              **Petitioner,**          )          **ORDER ON PETITIONER'S**
                                       )          **REQUEST FOR RELIEF**
10         **v.**                       )          **UNDER 28 U.S.C. § 2255**
                                       )
11   **UNITED STATES OF AMERICA,**      )          (Documents No. 37 and No. 38)
                                       )
12             **Respondent.**          )
     _____)
13
14
15                          **INTRODUCTION**

       Petitioner Ramon Pina-Labrada ("Petitioner") seeks relief under 28 U.S.C. § 2255
16
     ("Section 2255")[1] from the sentence of forty-six months that was imposed by this court on
17
     September 2, 2008 following Petitioner's entry of a plea of guilty to one count of assault with a
18
     dangerous weapon in violation of 18 U.S.C. § 113(a)(3).
19
                     **FACTUAL AND PROCEDURAL HISTORY**
20
       Petitioner was convicted by a plea of guilty on September 2, 2008, to one count of assault
21
     with a dangerous weapon.  On July 11, 2007, Petitioner was an inmate at the United States
22
     Penitentiary-Atwater ("USP-Atwater") and struck a fellow inmate in the head and body with a
23
     pad lock.  Petitioner was serving a forty-eight month sentence at USP-Atwater for a December
24
     13, 2004 conviction for illegal reentry, which arose out of the United States District Court for the
25
     Western District of Texas.  Petitioner's release date from USP-Atwater was scheduled for
26
27
     _____
28        [1]References to section numbers hereinafter refer to sections of Title 28 of the United
     States Code unless otherwise specified.

January 25, 2008.  On January 25, 2008, Petitioner was arrested for the July 11, 2007 offense.

The Presentence Investigation Report ("Presentence Report") that was prepared for Petitioner's sentencing hearing calculated a base offense level of fourteen.  The base level was increased by four levels because a dangerous weapon was used.  An additional three levels were added because a bodily injury was incurred by the victim and four levels were deducted because there was victim provocation.  An additional three levels were deducted for acceptance of responsibility.  The final offense level was calculated to be eighteen, with a criminal history category of VI.  Based on the 2007 edition of the Guidelines Manual, the guideline range for an offense level of eighteen and a criminal history of VI was fifty-seven to seventy-one months.  On September 2, 2008, Petitioner was sentenced to forty-six months.

On November 17, 2008, Petitioner filed a motion for his sentencing transcripts because he alleged that the records would reveal that he was sentenced to forty-six months with credit for good time.  On December 19, 2008, this court denied Petitioner's request because the court indicated that it lacked jurisdiction to order credit for good time at sentencing, and therefore, the sentencing transcripts would not be of assistance to Petitioner on this issue.

On January 15, 2009, Petitioner filed an *In Forma Pauperis* application.  On January 20, 2009, Petitioner timely filed his petition for a writ of habeas corpus pursuant to Section 2255.

## LEGAL STANDARD

Section 2255 provides, in pertinent part: "A prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside, or correct the sentence."  Under section 2255, "a district court must grant a hearing to determine the validity of a petition brought under that section, '[u]nless the motions and the files and records of the case conclusively show that the prisoner is entitled to relief.'"  United States v. Blaylock, 20 F.3d 1458, 1465 (9th Cir. 1994) (quoting 28 U.S.C. §2255).  The court may deny a hearing if the movant's allegations, viewed

2

against the record, fail to state a claim for relief, or "are so palpably incredible or patently frivolous as to warrant summary dismissal." United States v. McMullen, 98 F.3d 1155, 1159 (9th Cir. 1996) (internal quotations omitted), cert. denied, 520 U.S. 1269 (1997).  To earn the right to a hearing, therefore, the movant must make specific factual allegations, which if true, would entitle him to relief.  United States v. Hearst, 638 F.2d 1190, 1194 (9th Cir. 1980), cert. denied, 451 U.S. 938 (1981).

To establish a constitutional violation for the ineffective assistance of counsel, a defendant must demonstrate: (1) a deficient performance by counsel, and (2) prejudice to him. United States v. Cochrane, 985 F.2d 1027, 1030 (9th Cir. 1993).  To prove deficient performance of counsel, Petitioner must demonstrate that her attorney "made errors that a reasonably competent attorney acting as a diligent and conscientious advocate would not have made." Butcher v. Marquez, 758 F.2d 373, 376 (9th Cir. 1985).  Courts considering ineffective assistance of counsel claims "indulge a strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance."  Strickland v. Washington, 466 U.S. 668, 689 (1984); United States v. Jeronimo, 398 F.3d 1149, 1155 (9th Cir. 2005).

To show prejudice, Petitioner must demonstrate that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different."  Strickland, 466 U.S. at 694.  A court addressing a claim of ineffective assistance of counsel need not address both prongs of the Strickland test if the petitioner's showing is insufficient as to one prong.  Strickland, 466 U.S. at 697.  "If it is easier to dispose of an ineffectiveness claim on the ground of lack of sufficient prejudice, which we expect will often be so, that course should be followed."  Id.  In the context of a plea bargain, the prejudice requirement is met by showing that, but for counsel's alleged errors, the petitioner would have rejected the plea offer and insisted on going to trial.  See Hill v. Lockhart, 474 U.S. 52, 57-59; Womack v. McDaniel, 497 F.3d 998, 1002 (9th Cir. 2007).

**DISCUSSION**

I.      Counsel's Sentencing Range Advice Was Not Ineffective

Petitioner alleges that his attorney provided ineffective assistance of counsel because he advised him that his sentence range was thirty-six months, when in fact Petitioner was sentenced to forty-six months.  Petitioner has not shown that he was denied the effective assistance of counsel.  The general rule is that an inaccurate prediction of a sentence does not entitle the claimant to relief under an ineffective assistance of counsel claim.  See Doganiere v. United States, 914 F.2d 165, 168 (9th Cir. 1990) (holding that counsel's inaccurate prediction that guilty plea would result in twelve-year sentence did not rise to the level of gross mischaracterization or ineffective assistance of counsel even though court ultimately imposed a fifteen-year sentence). The only exception potentially applicable in this case is that an erroneous prediction regarding a sentence may constitute ineffective assistance if it constitutes a "'gross mischaracterization of the likely outcome' of a plea bargain and [is] combined with . . . erroneous advice on the probable effects of going to trial.'"  Iaea v. Sunn, 800 F. 2d 861, 864-65 (9th Cir. 1986).  Thus, a mere inaccurate prediction, standing alone, would not constitute ineffective assistance.  Id. at 865.

Petitioner merely alleges an inaccurate sentencing prediction and therefore fails to establish an Iaea exception.  Even assuming that counsel's prediction constituted ineffective assistance rather than an error based on his reasonable professional judgment, Petitioner cannot demonstrate prejudice because he does not show that there is a reasonable probability that, but for this advice, he would not have pleaded guilty.  Hill, 474 U.S. at 59.  Petitioner does not allege specific facts that would have compelled a different and more favorable outcome had his attorney not advised him to plead guilty under the facts of this case.  Specifically, Petitioner alleges that his attorney incorrectly advised him about his sentence range, but Petitioner has not carried his burden to demonstrate exactly how competent advice would have lead to a different outcome.

Accordingly, the court dismisses Petitioner's first claim because Petitioner has failed to establish that his counsel rendered ineffective assistance of counsel based on his attorney's

sentencing advice.

II.     Counsel's Sentencing Computation Advice Was Not Ineffective

Petitioner appears to be arguing that he received ineffective assistance of counsel because his attorney told him that he would receive credit against his September 2, 2008 assault sentence for time spent in USP-Atwater for his December 13, 2004 illegal reentry conviction arising out of the United States District Court for the Western District of Texas.

The court dismisses Petitioner's second claim because Petitioner has failed to show prejudice.  Petitioner has not shown that there is a reasonable probability that, but for his attorney's allegedly erroneous advice regarding time credits, he would not have pleaded guilty. Hill, 474 U.S. at 59.  Petitioner does not allege any specific facts that show that he would have forgone the benefits of the plea agreement (i.e. three level reduction for acceptance of responsibility) and insisted on going to trial.  Plaintiff has not carried his burden to demonstrate exactly how competent advice would have lead to a different outcome.  Accordingly, Petitioner fails to establish that his counsel rendered ineffective assistance of counsel.

To the extent Petitioner is challenging the manner in which his sentence was executed (i.e. the computation of his sentence time) as opposed to a sentencing error, the court dismisses Petitioner's claim for lack of jurisdiction because a computation claim may not be brought pursuant to Section 2255.  See Section 2255.  Under Section 2255, a prisoner may only move the court, which sentenced him or her to vacate, set aside, or correct the sentence.  Moreover, the Supreme Court has clearly stated that a district court cannot calculate the amount of credit for prior detention at sentencing.  See United States v. Wilson, 503 U.S. 329, 332-36 (1992). Rather, credit awards must be made by the Attorney General, through the Bureau of Prisons, after sentencing.  Id. at 334.  Thus, a sentencing court is without jurisdiction to award credit under 18 U.S.C. 3585(b) for time served in prior custody at sentencing.  See United States v. Checchini, 967 F.2d 348, 349-50 (9th Cir. 1992).

A petition that challenges the execution of a sentence must be brought pursuant to Section 2241 in the custodial court.  See Section 2241; see also Tucker v. Carlson, 925 F.2d 330, 332

(9th Cir. 1990) (stating that a challenge to the execution of a sentence is "maintainable only in a petition for habeas corpus filed pursuant to 28 U.S.C. § 2241.").  Petitioner indicates in his Section 2255 petition that he is in custody at the United States Penitentiary-Victorville Federal Correctional Complex ("Victorville FCC"), which is located in Adelanto, California.  As such, this court does not have jurisdiction because Victorville FCC is not located within the jurisdiction of the Eastern District of California.  Rather, Victorville FCC is located in the Central District of California.  Therefore, Petitioner must file a Section 2241 petition in the district court in the Central District where the Petitioner is confined.  Additionally, Petitioner is required to first exhaust all available administrative remedies before filing a Section 2241 habeas petition. See Martinez v. Roberts, 804 F.2d 570, 571 (9th Cir. 1986); Brooks v. Rios, No. 09-CV-39, 2009 WL 1884144, *2 (E.D. Cal. June 30, 2009).  Here it is unclear to the court, whether Petitioner has fulfilled the exhaustion requirement.

THEREFORE, in consideration of the above, Petitioner's petition to correct, vacate, or set aside the sentence imposed on September 2, 2008 is DENIED.

## ORDER

For the reasons set forth above, this court orders the following:

1.      Petitioner's Section 2255 petition is dismissed;

2.      Petitioner's *In Forma Pauperis* application is denied as moot[2]; and

3.      Clerk of the Court is ordered to close this case.

IT IS SO ORDERED.

Dated:    **September 16, 2009**                     /s/ Anthony W. Ishii
                                                                      CHIEF UNITED STATES DISTRICT JUDGE

---

[2]Petitioner's *In Forma Pauperis* application is denied as moot because a Section 2255 petition does not require any fees.  With respect to Petitioner's Section 2241 claim, as described above, this court does not have jurisdiction over the claim because the Petitioner is not in custody within the Eastern District of California.  Therefore, Petitioner's *In Forma Pauperis* application is rendered moot.

6